IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 1:13-CR-85 |
| DANNY RICHARD EDWIN BROWN, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Danny Richard Edwin Brown pleaded guilty and was sentenced for methamphetamine distribution and conspiracy in 2013. He began a five-year term of supervised release in 2016. Less than two years later, he was arrested for battery and terroristic threats, which led in 2019 to his supervised-release revocation and a three-year sentence. He is serving his sentence in the Bureau of Prisons Federal Correctional Institution in Terra Haute, Indiana. His scheduled release date is January 2022.

Brown moves for a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), relying on his rehabilitative efforts and his godmother's need for his help in raising Brown's 13-year-old niece. (Docket Entry Nos. 249, 262). According to Brown, his godmother fears that she might contract COVID-19 and then become unable to care for the child. (Docket Entry No. 262). The government opposes the motion, pointing out that Brown tested positive for COVID-19, recovered, and has since declined the vaccine. (Docket Entry No. 255 at 8).

For the reasons set out more fully below, the record does not justify the relief Brown seeks, and it is denied.

I.     **The Legal Standard**

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But courts may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. *Id.* (quoting § 3582(c)(1)(A), (c)(1)(A)(i)).

After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The comments to the United States Sentencing Guidelines § 1B1.13 "provide four extraordinary and compelling reasons that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.'" *Id.* (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). A medical condition "might be sufficiently serious to warrant release" if the condition is either "terminal" or "substantially diminishes the [defendant's ability] to provide self-care." *Id.* (citing § 1B1.13 cmt. n.1(A)).

"In some exceptional cases," compassionate release may be warranted if a defendant "demonstrate[s] an increased risk of serious illness if he or she were to contract COVID." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021). Courts granting compassionate release have generally done so "for defendants who had already served [most of their] sentences and [had] multiple, severe, health concerns." *Id.* at 434–35. Compassionate release typically does not extend to otherwise healthy defendants or defendants with well-managed health conditions. *Id.* at 435.

**II.      Analysis**

Brown does not rely on his own medical conditions or risks in seeking compassionate release.  That is easily explained.  Brown is below the ages most vulnerable to COVID-19; he has no severe medical conditions or health issues; he recovered from COVID-19 with relatively few symptoms; and he has since refused the vaccination when it was offered to him.  He relies on his rehabilitation efforts while incarcerated and on his family's need for his help.

The family concerns Brown identifies fall far short of justifying the relief he seeks.  He argues that if his 73-year-old godmother, who raised him, contracts COVID-19, she may not be able to continue caring for his 13-year-old niece.  Brown does not argue that his godmother is currently unable to manage.  Many incarcerated individuals have far more acute family needs that are not "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).  *See United States v. Cortez*, No. 1:18-CR-00060, 2020 WL 6875432, at *4 (E.D. Cal. Nov. 23, 2020) (no extraordinary or compelling circumstances when the defendant's "mother and stepfather" had numerous ailments and could not care for themselves without being "unnecessarily exposed to COVID-19"); *United States v. Bolden*, No. 16-CR-320, 2020 WL 4286820, at *5 (W.D. Wash. July 27, 2020) (no extraordinary or compelling circumstances when the defendant's primary-caregiver wife was partially incapacitated).

The § 3553(a) factors do not help Brown.  Brown was convicted in 2002 for assault with a deadly weapon, enhanced for inflicting great bodily harm with a firearm, for which he was sentenced to 11 years.  He then violated his parole three times.  In 2013, he was sentenced in federal court for drug trafficking, and then had his supervised release revoked for battery and making terroristic threats.  While he is to be commended for his employability and his good conduct in prison, "rehabilitation alone" is not a basis for compassionate release, *United States v.*

3

*Esparza*, No. 1:16-CR-00122, 2020 WL 4805055, at *7 (E.D. Cal. Aug. 18, 2020), and the record discloses no other basis.  Rather, the record shows that if released, Brown may still be a danger to the safety of other persons or to the community.  U.S.S.G. § 1B1.13(2).  The § 3553(a) factors add to the reasons for denying relief.

## III.    Conclusion

Brown's motion for compassionate release, (Docket Entry No. 249), is denied.

SIGNED on April 7, 2021, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge